ROGERS, J.
In this case, the state of Louisiana seeks to recover two penalties of $500 each, assessed against the defendants by the Louisiana Public Service Commission for violation of rules and regulations adopted by the Railroad Commission of Louisiana relative to the transportation of live stock by railroads.
The complaints against defendants were originally filed with the Railroad Commission, and were heard before and submitted to that Commission prior to July 1, 1921, on which date the Public Service Commission, came into existence and the Railroad Commission ceased to function.
On July 1, 1921, the Public Service Commission adopted its General Order No. 1, as follows:
“Ordered, that all rates, rules, regulations, orders and decisions of the Railroad Commission of Louisiana in effect on June 30, 1921, be, and the same are hereby, adopted as the rates, rules, regulations, orders and decisions of the Louisiana Public Service Commission, and shall remain in full force and effect until further ordered.”
Thereafter, the Public Service Commission imposed the penalties upon which this suit is predicated.
The controversy involves consideration only of the legal questions raised by the defendants, as the facts are undisputed. Defendants rely upon the following proposition of law:
(1) That the Louisiana Public Service Commission has no power to impose a fine for violation of the rules of the Railroad Com *153 mission of Louisiana which occurred prior to the creation of the former Commission.
(2) That section 6 of article 6 of the Constitution of 1921 confers no power upon the Louisiana Public Service Commission to impose a fine for violation of its own rules.
(3) Neither the Louisiana Public Service Commission nor the Railroad Commission of Louisiana has, or had, any power to impose a penalty upon a common carrier for delay in transportation of freight.
As, in our view, the issue raised by defendants under the first of their aforesaid legal points of defense is determinative of this case, it' becomes unnecessary for us to pass upon the other legal propositions which they advance.
Defendants contend that the proceedings before the Railroad Commission were abated by the creation of the Public Service .Commission, and that therefore the said Commission was without authority to assess the penalties complained of.
Relator’s position is that the effect of its General Order No. 1 was to continue, without interruption, all unfinished business of the Railroad Commission, in which was included the case pending against defendants.
It is unnecessary, for the purposes of this case, to consider and decide whether or not the provisions of the Constitution of 1921 abated ordinary suits or proceedings brought' by or against the Railroad Commission. The only question involved here is whether or not the Public Service Commission is authorized to penalize violators of the rules of the Railroad Commission.
It may also be observed that General Order No. 1, hereinbefore referred to, makes no provision for the adoption by the Public Service Commission of the actions, 'proceedings, or prosecutions before the Railroad Commission.
[1, 2] The authority of the Louisiana Public Service Commission to inflict punishment upon violators of its orders, regulations, and rules is set forth in section 6 of article 6 of the Constitution of 1921, as follows:
“If any common carrier or public utility now, or which may hereafter be placed, under the control of the Commission, shall violate any of the rates, tolls, fares, or charges, or orders or decisions of the Commission, such common carrier or public utility shall forfeit and pay to the State a penalty to be fixed by the Commission of not less than one hundred ($100.00) dollars, nor more than five thousand ($5,000.-00) dollars, for each violation,1 to be recovered before any court of competent jurisdiction, at the suit of the State, at the domicile of the Commission.”
The more reading of this section is sufficient to shqw that it only confers power upon the Public Service Commission to punish violations of its own orders and not violations of the orders of the Railroad Commission; that' it provides for the future and not for the past. The provision is penal in its nature and must be strictly construed. It cannot be extended beyond the scope of the authority therein expressly conferred.
Counsel for relator, however, invokes section 1, subds. 2 and 4, of article 22 of the Constitution of 1921 as giving it' the power to consider and decide the case against these defendants, and to inflict the punishment complained of. In our opinion, neither of the cited provisions applies to the ease in hand. Subdivision 2 reads:
“Second. All writs, actions, causes of action, proceedings, prosecutions and rights of individuals, or bodies corporate, and of ’ the state, when not inconsistent with this constitution, shall continue as valid and in full force and effect.”
Subdivision 4 reads:
“All fines, taxes, penalties, forfeitures and rights, due, owing or accruing to the State of Louisiana, or to any parish, city, municipality, board, or any other public corporation therein under the Constitution and laws heretofore in force, and all writs, prosecutions, actions and proceedings, except as herein other *156 wise provided, shall continue and remain unaffected by * * * this Constitution.”
If it can be said the first of these provisions does not refer exclusively to actions and proceedings before the court's, but also continues proceedings or prosecutions before the now defunct Railroad Commission “as valid and in full force and effect” before the newly created Public Service Commission, upon which point we are not called upon to express an opinion, it is nevertheless true that since article 286 of the Constitutions of 1898 and 1913, authorizing the imposition of fines and penalties by the Railroad Commission, became ineffective upon the adoption of the Constitution of 1921, and was not incorporated in section 6 of article 6 of said Constitution, which provides a different method of imposing and of enforcing fines and penalties by the Public Service Commission, relator was without authority to impose the fines sought to be collected by this suit.
In so far as the second of the quoted provisions is concerned, no rights, fines, or forfeitures were due, owing, or accruing to the state of Louisiana in this case at the time the Constitution of 1921 became effective. Under 'article 286 of the Constitutions of 1898 and 1913, which was in force at the time the complaints against the defendants were lodged, heard, and submitted, it was necessary for the state to institute an independent action before the courts, in which the facts showing violations of the rule or order were required to be alleged and proved. No such action has ever been instituted. The present suit merely seeks to enforce penalties assessed by the Public Service Commission for acts committed prior to its own creation, and prior to the adoption by it of any orders, rules, or regulations whatsoever.
For the reasons assigned, the judgment appealed from is reversed, and relator’s" suit is dismissed.
O’NIELL, C. J., concurs in the result.
DAWKINS and LAND, JJ., dissent and think judgment-should be set aside and case remanded to be tried on merits under Const. 1913.
BRUNOT, J., recused.